FILED

2013 AUG -8 P 3: 38

1  JOHN D. GIFFIN, CASB No. 89608
   john.giffin@kyl.com
2  JENNIFER M. PORTER, CASB No. 261508
   jennifer.porter@kyl.com
3  JESSICA LUHRS, CASB No. 284846
   jessica.luhrs@kyl.com
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  450 Pacific Ave
   San Francisco, California 94133
6  Telephone:  (415) 398-6000
   Facsimile:  (415) 981-0136
7
   Attorneys for Plaintiff
8  STX PAN OCEAN CO. LTD

*PJH*

9                      **UNITED STATES DISTRICT COURT**

10                    **NORTHERN DISTRICT OF CALIFORNIA**

11                      **CV  13   3 6 9 1**

12  STX PAN OCEAN CO. LTD. ,              )  Case No. CaseNumber
                                          )
13                          Plaintiff,    )  **IN ADMIRALTY**
                                          )
14              vs.                       )  **DECLARATION OF BILL O'DELL**
                                          )
15  DYNAMIC INFLUENCE SHIPPING S.A.;      )
16  CIDO TANKER HOLDING COMPANY; CIDO     )
    SHIPPING (HK) CO. LTD.; CIDO HOLDING  )
17  Co. ,                                 )
                                          )
18                          Defendants.   )
                                          )
19

20      I, BILL O'DELL, am the authorized agent of National Maritime Services, Inc., a

21  Florida Corporation ("National") and declare as follows:

22      1.      I am familiar with the general characteristics of commercial tankers in general,

23  and of the MV BUM EUN, IMO Number 9304332 (the "Vessel"), as she presently lays afloat in

24  Richmond, California.

25      2.      I attest that National can provide adequate personnel and supervision for, and

26  can safely keep, the Vessel in place of the U.S. Marshal during the pendency of this action and until

27  further order of the Court; and, in this regard, National would exercise due care to preserve and protect

28  the Vessel during its custodianship.

                              - 1 -                          |  KYL_SF608244
   DECLARATION OF SUBSTITUTE CUSTODIAN  - Case No. CaseNumber

3. National is a professional vessel and cargo substitute custodian, which operates nationwide in the United States, its Territories and Possessions. National has been approved to act as a vessel substitute custodian by the U.S. District Courts in numerous cases.

4. As the appointed Substitute Custodian of the Vessel, National will:

   a. Attend the arrest of the Vessel with the U.S. Marshal:

   b. Immediately assume the Substitute Custodianship of the Vessel from the Marshal;

   c. Oversee the movement of the Vessel from its berth, as the Court may Order;

   d. Be responsible for the safekeeping of the Vessel during the pendency of this action while in National's custodianship; and

   e. Comply with all Orders of this Court regarding the Vessel and National Liquidators' Substitute Custodianship of the Vessel.

5. The daily charges for National to act as the substitute custodian performing the services listed above will be approximately $4,000 initially and approximately $800/day during the pendency of this action.

6. National may seek to move the Vessel from its current location and will do so only with the Court's prior approval, unless in the case of an emergency presenting an immediate threat of danger or damage to the Vessel and/or its crew.

7. National will seek prior Court approval of any extraordinary expenses relating to its Substitute Custodianship of the Vessel.

8. National has assets and insurance adequate to respond to damage for loss of or injury to the Vessel during custody and for damages sustained by third parties due to any negligence of National or its employees or agents during custody. National maintains insurance through St. Paul Travelers and Great American Insurance in the amount of $10,000,000. National will hold harmless and indemnify the United States and the U.S. Marshal's Service from any claims against either of them arising out of the negligent performance of any duties it undertakes as Substitute Custodian.

- 2 -

KYL_SF608244

1        9.    Further, National agrees to accept Substitute Custodianship of the Vessel in

2 accordance with the Order Appointing Substitute Custodian.

3        10.   All costs and expenses incidental to the keeping of the Vessel will be paid

4 initially by Plaintiff. The U.S. Marshal will not assume liability for any costs incurred incidental to a

5 Court-appointed custodianship.

6        I declare under penalty of perjury, under the laws of the United States that the

7 foregoing is true and correct, and that this Declaration was executed on August 8, 2013 at Fort

8 Lauderdale, Florida.

9

10                    BILL O'DELL

- 3 -

KYL_SF608244

DECLARATION OF SUBSTITUTE CUSTODIAN - **Case No.** CaseNumber