HOLLAND & KNIGHT LLP
Matthew P. Vafidis (California Bar # 103578)
Adanna M. Love (California Bar # 280538)
50 California Street, Suite 2800
San Francisco, California  94111
Telephone: 415.743.6900
Fax: 415.743.6910
matthew.vafidis@hklaw.com
adanna.love@hklaw.com

Attorneys for Defendants
DYNAMIC INFLUENCE SHIPPING S.A. LTD.;
CIDO TANKER HOLDING CO;
CIDO SHIPPING (HK) CO. LTD.; and
CIDO HOLDING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STX PAN OCEAN CO. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> DYNAMIC INFLUENCE SHIPPING S.A.; CIDO SHIPPING (HK) CO. LTD.; CIDO TANKER HOLDING COMPANY; and CIDO HOLDING CO., <br><br> Defendants. | Case No.: CV-13-3691-PJH <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

**PRELIMINARY STATEMENT**

Unless otherwise specifically admitted, defendant DYNAMIC INFLUENCE SHIPPING S.A. LTD. ("DYNAMIC"), defendant CIDO SHIPPING (HK) CO. LTD. ("CIDO SHIPPING"), defendant CIDO TANKER HOLDING CO ("CIDO TANKER"), and defendant CIDO HOLDING CO. ("CIDO HOLDING") (collectively "Defendants"), deny each and every allegation in the Verified Complaint of Plaintiff STX PAN OCEAN CO. LTD. ("STX"); and Defendants further deny that any of them breached a Charter Party with STX in any way.  Defendants object to the Plaintiff's use of descriptive section and subsection headings, and deny the truth of any allegations that these non-numbered paragraphs may contain.

Defendants, by their attorneys, answer STX's Verified Complaint as follows:

## I. JURISDICTION AND VENUE

1. The allegations of this paragraph call for legal conclusions and require no answer.

2. The allegations of this paragraph call for a legal conclusion and require no answer. To the extent that an answer is required, Defendants admit that the property sought to be arrested and/or attached -- the MV BUM EUN -- was present in this District during the pendency of this action.

## II. PARTIES

3. Defendants admit that the "Vessel" is the MV BUM EUN, IMO Number 9304332, a Hong Kong, China flag chemical tanker of approximately 19,500 metric tons. Defendants deny that STX is the charterer of the Vessel. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admit nor deny those allegations. Answering further, Defendants state that upon information and belief, STX is presently in rehabilitation proceedings in Korea and in Chapter 15 proceedings in the U.S. Bankruptcy Court for the Southern District of New York.

4. DYNAMIC admits that it is a company organized and existing under the laws of the country of Panama. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

5. CIDO SHIPPING admits that it is a company organized and existing under the laws of the country of China, Hong Kong SAR. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

6. CIDO TANKER denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

7. CIDO HOLDING admits that it is a company organized and existing under the laws of the country of the Cayman Islands. The remaining defendants are without knowledge or

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

### III. DEFENDANTS' ALLEGED CORPORATE IDENTITY

8. Defendants deny the allegations in this paragraph.

9. DYNAMIC and CIDO SHIPPING deny the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

10. DYNAMIC and CIDO SHIPPING admit that DYNAMIC is the registered owner of the Vessel, but deny the remainder of the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

11. DYNAMIC admits the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

12. CIDO TANKER denies that it has a principal place of business at 20th Floor, World Wide House, 19 Des Voex Road, Hong Kong. CIDO SHIPPING admits that it has its registered address at 20th Floor, World Wide House, 19 Des Voex Road, Hong Kong. The remaining allegations of this paragraph call for legal conclusions and require no answer. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

13. DYNAMIC, CIDO SHIPPING and CIDO TANKER deny the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

14. CIDO SHIPPING denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

15. Defendants deny the allegations in this paragraph.

///

ANSWER AND AFFIRMATIVE DEFENSES                                   Case No.: CV-13-3691-PJH

## IV.    **PLAINTIFF'S ALLEGED CLAIM FOR BREACH OF CHARTER**

1. DYNAMIC admits entering into a contract with STX on or around June 13, 2003. Further answering, DYNAMIC states that the terms of the contract speak for themselves. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

2. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

3. DYNAMIC denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

5. CIDO SHIPPING denies that it is the group owner of the MV BUM CHIN. CIDO SHIPPING is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

6. CIDO SHIPPING admits that it manages the MV POS COURAGE. CIDO SHIPPING is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

7. CIDO SHIPPING admits that it manages the MV POS DIGNITY, and denies that it is the group owner. CIDO SHIPPING is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

8. CIDO SHIPPING admits that it manages the MV POS ETERNITY, and denies that it is the group owner. CIDO SHIPPING is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

9. CIDO SHIPPING denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

10. CIDO SHIPPING denies that it is the group owner of the MV POS HARMONY. CIDO SHIPPING is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

12. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

13. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations. Answering further, Defendants state that the terms of the Garnishment Notice speak for themselves.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

16. DYNAMIC admits the allegations of this paragraph. Further answering, DYNAMIC states that the July 18, 2013 email speaks for itself. The remaining defendants are without

ANSWER AND AFFIRMATIVE DEFENSES                              Case No.: CV-13-3691-PJH

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

17. DYNAMIC admits the allegations of this paragraph. Further answering, DYNAMIC states that the July 26, 2013 email speaks for itself. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

21. DYNAMIC is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admits nor denies those allegations. Answering further, DYNAMIC states that it has never received a demand for payment prior to the filing of the verified complaint. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

23. DYNAMIC denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

## V. ARBITRATION PROCEEDING

24. DYNAMIC admits that disputes between STX and DYNAMIC are to be submitted to arbitration in London with English law to apply. Further answering, DYNAMIC also admits that STX commenced London arbitration with DYNAMIC on or about August 30, 2013 regarding STX's breach of charter claims alleged against DYNAMIC herein. DYNAMIC is without

- 6 -

knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore neither admits nor denies those allegations. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

25. Defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

26. The allegations of this paragraph call for a legal conclusion and require no answer.

## VI. PLAINTIFF'S APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

27. Defendants admit that they are not located within this District. DYNAMIC admits that its asset--the MV BUM EUN--was present within this District and within the jurisdiction of this Court during the pendency of this action. The remaining defendants deny that their assets were or will be present within this District and within the jurisdiction of this Court during the pendency of this action. The remaining allegations of this paragraph call for legal conclusions and require no answer.

28. Defendants deny the allegations of this paragraph.

29. DYNAMIC denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

30. CIDO SHIPPING denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

31. CIDO TANKER denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

32. CIDO HOLDING denies the allegations of this paragraph. The remaining defendants are without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore neither admit nor deny those allegations.

33. Defendants deny the allegations of this paragraph.

To the extent any allegations in STX's Verified Complaint have not been admitted or denied above, they are hereby denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that STX is entitled to the relief requested in paragraphs 1-4, or to any relief from any of the Defendants.

## AFFIRMATIVE DEFENSES

Without making any concessions or admissions regarding the burden of proof, or admitting liability for the claims pled in STX's Verified Complaint, Defendants allege the following affirmative defenses. Defendants also intend to rely on other affirmative defenses as they become available or apparent during the course of discovery in this case, and thus reserve their right to amend its Answer to assert any such defenses in the future.

## FIRST AFFIRMATIVE DEFENSE

The claim as to DYNAMIC should be dismissed for improper venue. The contract between STX and DYNAMIC contains an arbitration clause requiring the claim to be brought in London, England.

## SECOND AFFIRMATIVE DEFENSE

The claims as to CIDO SHIPPING, CIDO TANKER and CIDO HOLDING should be dismissed for lack of personal jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

STX's Verified Complaint fails to state a claim or cause of action against the Defendants for which relief may be granted. STX fails to state facts sufficient to constitute a breach of contract claim against DYNAMIC, or excuse for payment of charter hire owed by STX, under English law. Further, STX fails to state facts sufficient to make an alter ego allegation against the Defendants and the non-parties.

///

///

///

**FOURTH AFFIRMATIVE DEFENSE**

STX is barred from recovering damages against DYNAMIC because it waived its claim when it paid a hire installment after being on notice of the garnishment efforts by the Korean tax authority.

**FIFTH AFFIRMATIVE DEFENSE**

STX is barred from recovering damages demanded in the Verified Complaint because under English law, STX breached the contract upon which the cause of action is based by purporting to withhold sums due and owing to DYNAMIC and the non-parties in response to a garnishment attempt by a foreign tax authority, where neither DYNAMIC nor the non-parties were named as a tax debtor.

**SIXTH AFFIRMATIVE DEFENSE**

DYNAMIC substantially complied with the terms of the Charter Party.  Because DYNAMIC complied in every material respect with the terms of the Charter Party, including the termination provisions, STX was not excused from performing its obligations under the Charter Party and is barred from obtaining the alleged damages from DYNAMIC.

**SEVENTH AFFIRMATIVE DEFENSE**

STX is barred from recovering damages demanded in the Verified Complaint because STX failed to exercise reasonable care and diligence to avoid loss or minimize its purported damages and cannot recover for losses that might have been prevented by reasonable efforts and expenditures on its part.  STX has failed to mitigate its alleged damages, assuming without admitting that it is entitled to damages, by failing to go out into the market on the day of the alleged breach and chartering an alternative comparable vessel at market rate for the remaining minimum charter period.  Under English law, which governs the terms of the Charter Party, STX is barred from recovering damages in the amounts alleged, and STX's alleged damages, if any, must be reduced.

**EIGHTH AFFIRMATIVE DEFENSE**

CIDO SHIPPING, CIDO TANKER and CIDO HOLDING state that STX's damages alleged herein were proximately caused by the acts or omissions of some third party or parties over whom CIDO SHIPPING, CIDO TANKER and CIDO HOLDING had no dominion or control.

ANSWER AND AFFIRMATIVE DEFENSES                                         Case No.: CV-13-3691-PJH

### NINTH AFFIRMATIVE DEFENSE

STX's claim for damages demanded in the Complaint is barred because, even assuming that DYNAMIC materially breached its obligations under the Charter Party (which it did not), DYNAMIC is entitled to set-off any amount (if any) owed to STX against any sums owed to DYNAMIC.

### TENTH AFFIRMATIVE DEFENSE

All claims and defenses are governed by English law.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows with respect to STX's claims:

(a)  That STX takes nothing by way of this action, and that the Verified Complaint is dismissed with prejudice;

(b)  That Defendants are awarded reasonable attorney's fees, costs, and expenses incurred in the defense of this matter; and

(c)  That the Court grants such other and further relief that the Court deems just and proper.

### NOTICE OF APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 44.1, Defendants give notice that the law of England, a foreign jurisdiction, may apply to all or part of the claims and damages alleged in the Verified Complaint.

Respectfully submitted,

Dated: September 12, 2013         HOLLAND & KNIGHT LLP

*/s/ Adanna M. Love*
Matthew P. Vafidis
Adanna M. Love

Attorneys for Defendants

DYNAMIC INFLUENCE SHIPPING S.A.LTD.,
CIDO SHIPPING (HK) CO. LTD.,
CIDO TANKER HOLDING CO, and
CIDO HOLDING CO.

ANSWER AND AFFIRMATIVE DEFENSES                             Case No.: CV-13-3691-PJH

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910